IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW ROYER, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:22-cv-254 |
| | ) |
| v. | ) |
| | ) HON. JON E. DEGUILIO |
| CITY OF ELKHART, et al., | ) |
| | ) |
| Defendants. | ) MAG. MICHAEL G. GOTSCH, SR. |
| | ) |
| | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT ELKHART COUNTY'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Now Comes Plaintiff, ANDREW ROYER, by and through his counsel, Loevy & Loevy, responds to Elkhart County's Motion for Judgment on the Pleadings. In support, Plaintiff states as follows:

**INTRODUCTION**

Defendant Elkhart County has filed a Motion for Judgment on the Pleadings, asserting that it is not the proper defendant in this action. Dckt. No. 89. That is, Elkhart County maintains that it is not liable for the torts of Elkhart County Sheriff's deputies. *Id.* at 9-12. It's unclear to Plaintiff why Elkhart County waited nine months after Plaintiff filed his Complaint to assert this argument. Regardless, Elkhart County should remain a defendant in this lawsuit. Courts have held that Indiana counties—not sheriff's departments—are liable for the constitutional torts of sheriff's deputies. *Riley v. Lake County*, No. 2:17 CV 368, 2018 WL 3239732, at *3 (N.D. Ind. July 3, 2018) ("[T]he plain language of the Indiana Code reveals that it is Lake County, and not the Lake County Sheriff's Department, that is the 'governmental entity' liable for indemnifying

1

the deputy sheriff defendants pursuant to Section 34-13-4-1."); *Ledford v. Rutledge*, No. 1:17-CV-438-TLS, 2018 WL 4216820, at *13 (N.D. Ind. Sept. 4, 2018) (concluding that sheriff's departments are not suable entities under § 1983). Thus, Elkhart County should remain a defendant in this lawsuit, especially because discovery will determine which entity truly had policymaking authority over Defendant Chapman.

### I. Background

Plaintiff was wrongfully convicted of a 2002 murder he did not commit. Dckt. No. 1 at 27 (Comp. (¶¶ 223-234)). He spent more than 17 years incarcerated before his exoneration. *Id.* at 38 (Comp. ¶ 239). Defendant Dennis Chapman, a former Elkhart County Sheriff's Deputy, was partially responsible for Plaintiff's wrongful conviction. That is, Defendant Chapman provided a fabricated latent print opinion, falsely connecting Plaintiff's co-defendant, Lana Canen, to the crime scene. *Id.* at 25 (Comp. ¶¶ 159-180). Defendant Chapman bolstered his fabricated opinion by lying about his credential and experience with latent print comparisons. *Id.* at 27 (Comp. ¶ 126). At trial, the State used Chapman's fabricated latent print "match" and his bogus credentials to secure Plaintiff's conviction. *Id.* Chapman since has admitted that Elkhart Police Department officers shared with him their theory of the case and pressured him into making an identification of Canen. *Id.* at 26 (Comp. ¶ 166). This pressure, and Defendant Chapman's lack of training and qualifications, were never disclosed to the defense. *Id.* at 28 (Comp. ¶ 179).

Based on Defendant Chapman's erroneous latent print match, and other false and fabricated evidence, Plaintiff was granted a new trial on March 30, 2020. Dckt. No. 1 at 4 (Comp. ¶ 17). The Indiana Court of Appeals affirmed the trial court's decision on April 8, 2021. *Id.* (Comp. ¶ 21). On June 30, 2021, the State filed a motion to dismiss Plaintiff's charges. *Id.*

(Comp. ¶ 22). On July 12, 2021, the court granted the State's motion to dismiss. *Id.* (Comp. ¶ 23).

Plaintiff sent Elkhart County a Notice of Tort Claims on November 8, 2021. Ex. 1, Notice of Tort Claims. Plaintiff then filed his Complaint on March 30, 2022. Dckt. No. 1. On April 22, 2022, counsel for Defendant Elkhart County from the Yoder, Ainlay, Ulmer and Buckingham law firm entered their appearances. Dckt. Nos. 14, 15, 16. On April 25, 2022, Defendant Elkhart County then moved for an unopposed 28-day extension of time to answer Plaintiff's Complaint. Dckt. No. 19. On May 25, 2022, Elkhart County filed its Answer. Dckt. No. 42. Defendants Becker, the Elkhart County Prosecutor's Office, and the State of Indiana filed a partial motion to dismiss on June 21, 2022. Dckt. No. 45. No other defendants moved for dismissal. On July 26, 2022, Elkhart County sought leave to amend its Answer to correct a clerical error. Dckt. No. 57.

The Court held a Rule 16 Conference on August 9, 2022. Dckt. No. 61. The Court set a Scheduling Order, including a deadline of August 30, 2022, for Rule 26(a)(1) disclosures, and deadline of November 30, 2022, for Plaintiff to amend the pleadings or join additional parties without the Court's leave. *Id*. at 2.

After the Rule 16 Conference, Plaintiff served written discovery on Defendants, including Elkhart County, on August 30, 2022. Ex. 2, 8.30.2022 Interrogatories; Ex. 2, 8.30.2022 Requests for Production. Pertinent here, Plaintiff requested insurance policies that might provide coverage for Elkhart County in this lawsuit, and the complete personnel file for Defendant Chapman. Ex. 3 at ROG No. 9, 126. On August 30, 2022, Elkhart County made its initial Rule 26(a) disclosures. Elkhart County disclosed two witnesses, including the Administrative Manager for Elkhart County and the Elkhart County Human Resources Director,

and all other witnesses identified by other parties. Ex. 4, Elkhart County Disclosures. Elkhart County listed Defendant Chapman's personnel file as a document in its possession or control. *Id.* Elkhart County also provided its insurance police information from September 3, 2003 (Plaintiff's arrest) through August 10, 2005 (his conviction). *Id.*

On September 28, 2022, counsel for Elkhart County asked Plaintiff for an additional 30 days to respond to Plaintiff's interrogatories and document requests. Ex. 5, Sept. 28, 2022 Corr. Plaintiff agreed to a 30-day extension until October 29, 2022. Plaintiff also asked that, to the extent possible, Elkhart County provide the insurance policies before the extended deadline so that the parties could understand Elkhart County's insurance coverage as early as possible in the litigation. *Id.* at 1. Counsel for Elkhart County agreed to do so. *Id.* at 3.

Elkhart County provided insurance policies for 2003 through 2022 to Plaintiff on October 6, 2022. Ex. 6, 10.6.2022 Corres. On November 3, 2022, Elkhart County supplemented its response, providing additional policies for 2002 through 2022. Ex. 7, 11.3.2022 Corres. On December 14, 2022, Elkhart County answered Plaintiff's First Set of Interrogatories. Two days later, on December 16, 2022, Elkhart County filed a Motion for Judgment on the Pleadings, asserting three arguments, described below. Dckt. No. 88.

**II.    Legal Standard**

The allegations in Plaintiff's Complaint must be viewed in a light most favorable to the non-moving party, *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357, 358 (7th Cir.1987). This Court may only grant the motions if it is beyond doubt that Plaintiff can plead no facts that would support his claims for relief. *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989)). To succeed, the moving party must demonstrate that there are no material issues of

fact to be resolved. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "'[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 870 (N.D. Ind. 2010); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil 3d* § 1367, 206–07 (West 2004).

### III.    Defendant Elkhart County Should Remain a Defendant in this Action

Plaintiff's Complaint names Elkhart County as a defendant, alleging that the County employed Defendant Chapman. Dckt. No. 1 at 6 (Comp. ¶ 31). The Complaint alleges that Elkhart County is a governmental agency within the State of Indiana and is liable for all torts committed by Defendant Chapman. *Id.* (Comp. ¶ 33); *see also* ¶ 362 ("Defendant Chapman was a member and agent of the Elkhart County Sheriff's Department, acting at all relevant times within the scope of his employment. Defendant Elkhart County is liable as principals for all state law torts committed by their agents."). Plaintiff also alleges, under a *Monell* theory of liability, that Defendant Chapman's actions were tacitly ratified by Defendant Elkhart County (Comp. ¶¶ 305, 312); *Killinger v. Johnson*, 389 F.3d 765, 772 (7th Cir. 2004) ("A municipality may also be liable for the actions of an employee who lacks final policymaking authority if that employee's actions were 'ratified' by the municipality.")

Defendant Elkhart County asserts that Plaintiff's claims against it should be dismissed because: 1) Elkhart County is a separate entity from the Elkhart County Sheriff's Office and is not responsible for the constitutional or state-law torts of Sheriff's Office employees; 2) Elkhart

County is not liable in this case under the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA") and 3) Elkhart County is not responsible for Defendant Becker's conduct as Elkhart County's prosecuting attorney.

Plaintiff does not challenge the second and third points, *i.e.*, that Elkhart County is not liable under the ADA/RA given its position (and Defendant Becker's position) that it is not liable for Defendant Becker's conduct.[1] *See* Dckt. No. 46. But Plaintiff opposes Elkhart County on the first point. Indeed, Elkhart County is liable for Defendant Chapman's constitutional and state law torts and should remain a defendant in this lawsuit.

Plaintiff's Complaint alleges that Elkhart County employed Defendant Chapman and is liable for all torts he committed. Plaintiff's allegations thus preclude dismissal at this juncture, especially because Plaintiff has not yet had an opportunity to secure evidence about which entity is responsible for Defendant Chapman, or who had final policymaking authority. *See N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452 (noting that that succeed on a motion for judgment on the pleadings, the moving party must show that there are no material issues of fact to be resolved); *Estate of Mitchell v. City of Waupun*, No. 21-CV-322-JPS, 2022 WL 3682879, at *5 (E.D. Wis. Aug. 25, 2022) (denying motion for judgment on the pleadings where discovery is in its infancy and nonmovant has not yet had opportunity to secure evidence to counter the motion).

The basis for Elkhart County's liability is Indiana's indemnification statute, which mandates indemnification for civil rights violations. This statute provides:

> If a present or former public employee, including a member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity, is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil

---

[1] The Indiana Attorney General's Office filed a partial Motion to Dismiss (Dckt. No. 46) on behalf of the State of Indiana, the Elkhart County Prosecutor's Office, and Defendant Becker, the Elkhart County Prosecutor. Plaintiff takes these representations at face value, and unless discovery later indicates otherwise, accepts that the State of Indiana, not Elkhart County, is responsible for Defendant Becker.

> rights laws of the United States, the governmental entity (when the governmental entity defends or has the opportunity to defend the public employee) shall, subject to IC 34-13-3-4, IC 34-13-3-14, IC 34-13-3-15, and IC 34-13-3-16, pay:
>
>> (1) any judgment (other than for punitive damages) of the claim or suit; or
>>
>>> (A) any judgment for punitive damages, compromise, or settlement of the claim or suit if:
>>>
>>> (B) the governor, in the case of a claim or suit against a state employee; or
>>>
>>> (C) the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision;
>
> determines that paying the judgment for punitive damages, compromise, or settlement is in the best interest of the governmental entity. The governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit.

Ind. Code Ann. § 34-13-4-1 (West).

This statute requires county indemnification for any constitutional torts Defendant Chapman committed against Plaintiff. And other courts in this district have held that Indiana counties—not sheriff's departments—are the proper defendants for indemnification purposes. In *Riley*, 2018 WL 3239732, at *1, a plaintiff brought § 1983 excessive force claims against two Lake County deputy sheriffs, and Lake County, Indiana. Lake County made the same argument that Elkhart County makes here. Lake County asserted that it should be dismissed from the lawsuit because it did not employ the defendant deputy sheriffs, and that it lacked authority to control the actions of the sheriff's deputies. *Id.* at * 2. The court rejected as "as misstatement of Indiana law" the argument that sheriff's deputies are not county employees. *Id.* "Indiana law provides, '[a] county police force is established in each county. The members are employees of the county . . . .'" *Id.* at *3 (quoting Ind. Code § 36-8-10-4(a)).

The court then addressed the county's "broader argument that the Sheriff's Department, and not the County, is the proper party for purposes of indemnification," *i.e.*, "whether it is the

Sheriff's Department or the County that is the 'governmental entity liable to indemnify a deputy sheriff." *Id.* The court held that "the plain language of the Indiana Code reveals that it is Lake County, and not the Lake County Sheriff's Department, that is the 'governmental entity' liable for indemnifying the deputy sheriff defendants pursuant to Section 34-13-4-1." *Id.* at *3.

The court carefully analyzed Indiana law when reaching this conclusion. *Id.* Under the Indiana Code, a "governmental entity" is "the state or a political subdivision of the state." Ind. Code § 34-6-2-49(a). A political subdivision is a "municipal corporation or special taxing district." Ind. Code § 36-1-2-13. Municipal corporations include "units." Ind. Code. § 36-1-2-10. "Units" means "county, municipality, or township." Ind. Code § 36-1-2-23. "Thus, under Indiana law, a county qualifies as a 'governmental entity.'" *Riley*, 2018 WL 3239732, at *3.

Many courts have held that sheriff's departments are not separate governmental entities capable of suing and being sued. *Id.* at *4. "Both Indiana courts and the Seventh Circuit have found that local governmental departments are not entities that may be sued in their own right under Indiana law." *Id.* (citing *Hoosier Mountain Bike Ass'n, Inc. v. Kaler*, 73 N.E.3d 712, n. 3 (Ind. Ct. App. 2017); *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011); *Jennings v. City of Indianapolis*, 637 F. App'x. 216, n. 1 (7th Cir. 2016); *Dewitt v. City of Greendale*, 599 F. App'x. 588, 589 (7th Cir. 2015); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014)). In other words, county sheriff's departments—like municipal police departments—are not suable entities under Indiana law. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Other courts have reached the same conclusion. *See, e.g.*, *Lamb v. Harrison Cnty. Sheriff Dep't*, No. 4:17-CV-0148-SEB-DML, 2017 WL 3605284, at *3 (S.D. Ind. Aug. 22, 2017) ("The Harrison County Sheriff's Department is not a 'person' subject to suit under § 1983. Any claim against the Department is dismissed. In Indiana, municipal police departments "are not suable

entities."); *Marks v. Indiana*, No. 1:15-CV-118, 2015 WL 4421338, at *2 (N.D. Ind. July 17, 2015) ("I will further dismiss the Fort Wayne Police Department, the Allen County Correctional Facility, and the Allen County Sheriff's Department because none of these are suable entities."); *Beiler v. Jay Cnty. Sheriff's Off.*, No. 1:11-CV-380 PS, 2012 WL 2880563, at *2 (N.D. Ind. July 13, 2012) ("[U]nder Indiana law, a 'sheriff's department' has no separate corporate existence and is therefore not a suable entity."); *Fermaglich v. Indiana*, No. IP-01-1859-T/K, 2004 WL 2750262, at *21 (S.D. Ind. Sept. 29, 2004) ("The Ripley County Sheriff's Department, however, is not a suable entity under Indiana law."). Ultimately, the court held in *Riley* that the county—not the sheriff's department—was the proper entity defendant. *Riley*, 2018 WL 3239732, at *4.

Another court in this district reached the same conclusion in *Ledford v. Rutledge*, No. 1:17-CV-438-TLS, 2018 WL 4216820, at *13 (N.D. Ind. Sept. 4, 2018). There, a plaintiff brought § 1983 claims against the LaPorte County Sheriff's Department, among other entities, for various constitutional violations. *Id.* at *1-2. The court dismissed the claims against the LaPorte County Sheriff's Department, concluding that it was not a suable entity under § 1983 because Indiana sheriff's departments have no separate corporate existence from the county. *Id.* at *13 (citing *Riley*, 2018 WL 3239732, at *3; then citing *Beiler*, 2012 WL 2880563, at *2.

The most compelling indication that Elkhart County is the proper defendant in this action is that fact that Elkhart County carries law enforcement liability insurance. For the 2004-2005 policy period—the time of Plaintiff's wrongful conviction—Elkhart County had $1 million of law enforcement liability coverage from two different insurance providers. Ex. 8 at 2, Admiral Policy; Ex. 9, St. Paul Policy. In 2021, Elkhart County had a $5 million aggregate law enforcement liability policy, an amount consistent with Indiana's damages cap. Ex. 10, Allied Ins. Policy. Also, Elkhart County maintains the personnel files for deputy sheriffs, supporting

9

Plaintiff's position that Elkhart County is a proper defendant in this lawsuit.[2]  Ex. 11, 12.14.2022 Email.

In short, courts have ruled that in Indiana counties are the proper defendant entities in suits involving sheriff's departments.  Elkhart County's law enforcement liability insurance policies and maintenance of sheriff's deputies' personnel files strongly supports this conclusion.  As a result, Elkhart County should remain a defendant in this lawsuit.  As the Seventh Circuit has long held, a "motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *National Fidelity Life Ins. Co.*, 811 F.2d at 358.  Here, Plaintiff's Complaint sufficiently alleges constitutional violations against Defendants Chapman and Elkhart County.  Dckt. 1. Indeed, aside from Elkhart County's argument that they are not the agency responsible for Defendant Chapman's (and Becker) misconduct, Defendant does not challenge the sufficiently of Plaintiff's allegations.  And, to the extent there is any discrepancy at this stage in the litigation as to which entity is the proper Defendant for Defendant Chapman's misconduct – Elkhart County or the Elkhart County Sheriff's Department – that is an issue that Plaintiff is entitled to conduct discovery into prior to a ruling. *See, e.g.*, *Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 727 (D. Md. 2013) (denying motion to dismiss because "[t]he degree of control exercised by the County over employees of the Sheriff's Department is a

---

[2] Plaintiff acknowledges that the law is ambiguous about whether the Elkhart County Sheriff's Department is a suable entity separate from Elkhart County. *Compare Marvin v. Holcomb*, No. 3:20-CV-553-MGG, 2020 WL 2952808 (N.D. Ind. July 25, 2022) ("As the sheriff is independently elected, assigns sheriffs' deputies duties, and is responsible for the deputies' official acts, the [Sheriff's] Department is a proper defendant in this action.  Indeed, courts have found that an Indiana sheriff's department may be held vicariously liable for torts committed by its employees within the scope of employment . . . .") *with Riley*, 2018 WL 3239732, at *4 (collecting cases supporting the proposition that Indiana sheriff's departments are not entities capable of suing or be sued).  Plaintiff is filing a contemporaneous Motion for Leave to Amend his Complaint to add the Elkhart County Sheriff's Office as a defendant.  Plaintiff then can conduct additional discovery about Elkhart County's and Elkhart County Sheriff's Department's hiring and supervision policies and practices for its deputies and determine the proper entity defendants.

factual issue," where issues involve hiring, firing, and discipline). As a result, the Court should deny Elkhart County's Motion for Judgment on the Pleadings.

## CONCLUSION

Plaintiff does not contest that Elkhart County is not liable under the ADA and RA for Plaintiff's injuries given its representation that it is not an employer, and therefore not liable for Defendant Becker's conduct, in her capacity as Elkhart County prosecutor. But Plaintiff's opposes Elkhart's motion on the point that Elkhart County is not liable for Defendant Chapman's violations of Plaintiff's constitutional rights and the County's failures pursuant to *Monell*. Defendant Elkhart County should remain a defendant in this lawsuit, and its Motion should be denied.

Respectfully submitted,

/s/ Margaret Campbell
*One of Plaintiff's Attorneys*

Jon Loevy
Elliot Slosar
Margaret E. Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

11

## CERTIFICATE OF SERVICE

I, Margaret Campbell, an attorney, certify that on January 5, 2022, I delivered by electronic means a copy of the foregoing motion to all counsel of record.

/s/ Margaret Campbell