UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW ROYER,

Plaintiff,

v.   CASE NO. 3:22-CV-254-CCB-SJF

ELKHART CITY OF, et al.,

Defendants.

**OPINION AND ORDER**

Before the court is a Motion to Quash Non-Party Subpoena and for Entry of Protective Order filed by the Honorable David Francisco, Judge of Saint Joseph Superior Court 2. [DE 188]. The motion initially became ripe on April 25, 2024, when Judge Francisco timely replied in support of his motion [DE 219]. Plaintiff then filed a Motion for Leave to File Surreply on May 10, 2024, which became ripe on May 24, 2024, after no response was filed.

Based on the applicable law, facts, and arguments, Judge Francisco's Motion to Quash Non-Party Subpoena and For Entry of Protective Order is granted, and Plaintiff's Motion for Leave to File Surreply is denied as moot.

**I.   BACKGROUND**

This case arises from Plaintiff's wrongful conviction for murder in 2005, for which he was exonerated in 2021. [*See* DE 202]. Plaintiff then filed this case on March 30, 2022, alleging he was wrongfully convicted because of the policies and practices of the Elkhart County Sheriff's Department as well as the actions of then-Elkhart County Sheriff's Deputy Dennis Chapman and then-deputy prosecutor Vicki E. Becker. [DE 202 at 41, ¶ 252, at 43, ¶ 264]. Plaintiff alleges that, during his prosecution, Deputy Chapman provided "a fabricated and false latent print opinion tying [Plaintiff's] codefendant to a piece of physical evidence from the crime-scene." [DE 202 at 2, ¶ 12].

This evidence led to Plaintiff's wrongful conviction. Plaintiff maintains that Deputy Chapman fabricated this opinion either because of pressure from the Elkhart County Sheriff's Department or because of a conspiracy with then-deputy prosecutor Vicki Becker ("Prosecutor Becker") [DE 202, at 2, ¶ 12; DE 215 at 8].

Judge Francisco worked as a deputy prosecutor for Elkhart County, Indiana, from about October 2005 through March 2016. As a deputy prosecutor, he was assigned to handle post-conviction relief proceedings in Elkhart Circuit Court—including Plaintiff's post-conviction proceedings.[1] [DE 189 at 2]. He left this position in March 2016, where he worked in private practice until he was appointed to the Superior Court for St. Joseph County, Indiana, in January 2024. He assumed the bench on February 1, 2024. [DE 188 at 1-2].

Shortly after his appointment, Judge Francisco received a subpoena from Plaintiff's attorneys seeking to depose him on February 23, 2024. [DE 189 at 3]. Judge Francisco's counsel requested that Plaintiff's attorneys withdraw the subpoena based on the ethical concerns posed by judicial deposition testimony. In support, Judge Francisco relied heavily on this court's opinion in *Cooper v. Rezutko*, No. 3:17-CV-834-PPS-MGG, 2022 WL 406387 (N.D. Ind. February 10, 2022). But Plaintiff's attorneys refused to withdraw the deposition subpoena, prompting Judge Francisco to file the instant motion [DE 188]. Judge Francisco contends that the subpoena should be quashed because: (1) it poses an undue burden; (2) any testimony elicited from his deposition lacks probative value, or any perceived probative value would not outweigh the undue burden on him; and (3) the subpoena improperly seeks privileged investigatory and work product materials. Plaintiff disputes all of Judge Francisco's arguments. After the motion was fully briefed, Plaintiff sought leave to file a

---

[1] Judge Francisco was also a legal intern with the Elkhart County Prosecutor's Office from on or around August 1, 2005. Beyond observing some of Plaintiff's criminal trial as an intern, Judge Francisco was not involved with the criminal proceedings that gave rise to Plaintiff's action before the post-conviction relief stage. The parties' filings do not suggest that any testimony from this time is being sought.

2

surreply. [DE 223]. Plaintiff contends that a surreply should be permitted because Judge Francisco's reply brief raised new arguments that Plaintiff has a right to address. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz–Camacho v. United States,* 417 Fed. Appx. 558, 559 (7th Cir. 2011).

As discussed below, Judge Francisco's motion successfully shows that the subpoena poses an undue burden. Accordingly, the court can grant the motion to quash without having to address the new arguments in Judge Francisco's reply brief, mooting the need for the proposed surreply.

## II. JUDGE FRANCISCO'S MOTION TO QUASH [DE 188]

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The rules also permit the issuance of subpoenas to command parties and nonparties to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B). The scope of material obtainable through a nonparty "subpoena is as broad as that which is otherwise permitted under the discovery rules." *Teton Homes Europe v. Forks RV*, No. 1:10-CV-33, 2010 WL 3715566, at *2 (N.D. Ind. Sept. 14, 2010) (citing *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253–254 (S.D. Ind. 2002).

A court must quash or modify a subpoena that requires a respondent to disclose privileged or protected matters or subjects the respondent to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(v). The movant "bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." *Malibu Media, LLC v. John Does 1–14*, No. 1:12-CV-263, 2013 WL 2285950, at *2 (N.D. Ind. May 22, 2013). A court also has the power to issue a protective order for good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including even forbidding the discovery. Fed. R. Civ. Pro. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and

3

what degree of protection is required." *Ball Corat v. Air Tech of Mich., Inc.*, 329 F.R.D. 599, 603 (N.D. Ind. 2019) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

"Factors considered in determining whether a subpoena is unduly burdensome include non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request." *Ranburn Corp. v. Argonaut Great Cent. Ins. Co.*, No. 4:16-CV-88-RL-PRC, 2018 WL 4042852, at *1 (N.D. Ind. Aug. 24, 2018). "[T]he undue burden calculus is more protective of nonparties than it is for parties" out of respect for the unwanted burden that a subpoena inherently thrusts upon non-parties. *Lee v. City of Elkhart*, No. 2:12-CV-25-TLS-APR, 2013 WL 1754977, at *3 (N.D. Ind. Apr. 22, 2013) (quoting *Charles v. Quality Carriers, Inc.*, No. 1:08-cv-00428-RLY-JMS, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010)). This calculus is heightened in the context of nonparty judicial testimony, as "calling a judge to give testimony in any proceeding is a very delicate matter." *United States v. Frankenthal*, 582 F.2d 1102, 1107 (7th Cir. 1978). A judge's testimony will likely provide the imprimatur of prestige, dignity, and authority to a party's case, so a fact-finder may misinterpret the judge's testimony as an official testimonial. *See Cooper*, 2022 WL 406387, at *13; *see also* Leslie W. Abramson, *Canon 2 of the Code of Judicial Conduct*, 79 Marq. L. Rev. 949, 977 (1996) ("When a judge testifies, there is concern that the judge not only is presenting evidence, but also is conferring the prestige and credibility of judicial office on a litigant's position.").

As argued by Judge Francisco, this court has also found that such testimony raises ethical concerns, specifically Rules 1.3, 2.10(A), and 3.3 of the Indiana Code of Judicial Conduct ("Judicial Code"). *Cooper*, 2022 WL 406387, at *13. Rule 1.3 prohibits a judge from abusing the prestige of his office to advance his personal or economic interests, the personal or economic interests[2] of others,

---

[2] Economic interest is defined as "more than a de minimis legal or equitable interest" in the relevant part. Ind. Code Jud. Conduct, **TERMINOLOGY** (2023) (emphasis in original).

4

and prohibits a judge from allowing others to do so. Ind. Code Jud. Conduct R. 1.3 (2023)[3]. Rule 2.10(A) mandates that:

> A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending* or impending* in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing.

Ind. Code Jud. Conduct R. 2.10(A) (2023). Finally, Rule 3.3 provides that "[a] judge shall not testify as a character witness in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a person in a legal proceeding, except when duly summoned." Ind. Code Jud. Conduct R. 3.3.

Judge Francisco relies heavily on this court's opinion in *Cooper v. Rezutko* to articulate his ethical concerns under these rules. *Cooper* is instructive for several reasons. First, like Plaintiff here, the plaintiff in *Cooper* was wrongfully convicted in Elkhart County and later exonerated. The plaintiff in *Cooper* likewise filed suit in this court regarding his wrongful conviction and sought to depose a sitting judge about his previous involvement in the plaintiff's prosecution—like Judge Francisco, the judge subpoenaed in *Cooper* worked as a deputy prosecutor in Elkhart County. *Cooper*, 2022 WL 406387, at *12. However, in contrast to Judge Francisco, the judge subpoenaed in *Cooper* had prosecuted the plaintiff's criminal case. *Id.* The court in *Cooper* considered the judge's motion to quash raising the same arguments made here. *Id.* at *13. The court found that while the plain language of these rules did not preclude the judge's testimony, the principles underlying the rules showed the undue burden such testimony imposed. *Id.* at *14.

First, under Rule 1.3, the court found that the plaintiff's interest in the judge's testimony in his capacity as a former prosecutor and not as a judge was a "distinction without a difference" because the judicial office "attached to him in every capacity—even those disconnected from his

---

[3] The Code of Judicial Conduct is available at https://www.in.gov/courts/publications/rules (last visited Sept. 30, 2024).

professional life." *Id.* Thus, the court observed that the judge's testimony would be used by the plaintiff to further his personal interest in prevailing in the case. *Id.* The court observed the risk that a fact finder would have been unduly prejudiced for the judge's testimony given his office over other evidence was real and could not be mitigated completely "no matter the warnings afforded." *Id.* Thus, the court concluded that the judge's deposition testimony placed him "in conflict with Rule 1.3 because his judicial office would be used, even unintentionally, to advance one side's interest in [the] case." *Id.* Plaintiff's subpoena is no different here.

Still, Plaintiff argues that this court should not find *Cooper* persuasive. Plaintiff contends that Rule 1.3 does not apply here, primarily by referring this court to cases where judges did provide deposition testimony. [DE 215 at 9-11]. But these cases all involve judges from Illinois and Kentucky—without any explanation from Plaintiff as to whether judges from those states are bound by a code of judicial ethics analogous to the Indiana Code of Judicial Conduct. Without more, the court cannot determine whether or how those courts overcame the presumption that judicial testimony is highly prejudicial. Plaintiff also contends that Rule 1.3 only applies in cases where judges more directly abused his or her status to advance the interest of another, such as when a state judge received a reprimand for his involvement in a benefits payment dispute involving a court employee (*Matter of Miller*, 677 N.E.2d 505 (Ind. 1997)), or when a state judge reinstated his friend's driver's license after his friend filed a petition in the judge's courtroom (*Matter of Johanningsmeier*, 103 N.E.3d 633, 634 (Ind. 2018)). But under Rule 1.3, a judge must take care not to act in a way that advances the personal or economic interests of others. Without more, the court cannot find that these cases overcome the persuasive and highly applicable analysis provide by the court in *Cooper*.

Judge Francisco contends that concerns under Rule 2.10(A) are likewise implicated here based on Plaintiff's intention to depose him to corroborate testimony of others. Thus, it is likely that any testimony that Judge Francisco gives would be included in a motion for summary judgment or at

6

trial. [*See* DE 215, at 13-14]. The *Cooper* court likewise found that the judge's deposition testimony there would ultimately surface "either in support of a motion for summary judgment or as evidence at trial" such that it was indistinguishable from the public statements that Rule 2.10(A) prohibits. *Id.* at *15 (citing to *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

Judge Francisco also contends that Rule 3.3 is implicated here. [*See* DE 215 at 13]. Plaintiff intends to use Judge Francisco's testimony to add or detract from the credibility of the testimony already provided by Deputy Chapman and Prosecutor Becker. The *Cooper* court reasoned that because the judge's testimony sought there would inevitably be draped in the authority of his office, it risked being perceived as a statement on the plaintiff's character or on the character of the other defendants in the case, and thus it "implicated Rule 3.3's caveat against character testimony." *Id.* The credibility testimony Judge Francisco would provide here is no different.

In sum, the ethical considerations addressed by the court in *Cooper*—and the resulting undue burden—apply equally here. But *Cooper* is distinguishable on an important ground. The judge in *Cooper* participated in the prosecution against plaintiff—meaning he had personal knowledge of the events leading to the plaintiff's wrongful conviction. Despite the probative value of the judge's testimony, the court in *Cooper* found that the undue burden posed by the subpoena outweighed its probative value. In contrast, here, Judge Francisco's involvement with Plaintiff's criminal proceedings is limited to Plaintiff's post-conviction relief proceedings—suggesting that his testimony has less probative value than the testimony sought by the plaintiff in *Cooper*.

Moreover, here, the testimony that Plaintiff is seeking from Judge Francisco is largely cumulative of testimony Plaintiff has already obtained from deposing other parties and witnesses. For example, Plaintiff has already obtained Deputy Chapman's testimony about when he informed Judge Francisco of the mistaken match of the latent fingerprint to Plaintiff's co-defendant and of the

7

later meeting between them. [DE 215 at 5]. Plaintiff also has testimony from former Elkhart County Prosecutor Curtis Hill regarding his conversations with Judge Francisco about sending the disputed fingerprints to another lab for reanalysis. [DE 215 at 6]. Though Plaintiff lists the ways Judge Francisco's testimony will corroborate the testimony from Prosecutor Becker—that he "may have knowledge about Prosecutor Becker's decision to use Deputy Chapman in the case" [DE 215 at 8] or that he has personal knowledge about Prosecutor Becker's "actions during the post-conviction proceedings"—Prosecutor Becker has already been deposed on the matters. [DE 215 at 8].

Thus, the court can only find that the probative value that Judge Francisco's testimony may have here is grossly outweighed by the undue burden testifying would impose on Judge Francisco. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A)(v).

### III. CONCLUSION

For these reasons, Judge Francisco's Motion to Quash Non-Party Subpoena and for Entry of Protective Order is **GRANTED** [DE 188] and Plaintiff's Motion for Leave to File Surreply is **DENIED as moot**. [DE 223].

**SO ORDERED** this 30th day of September 2024.

_____
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT