UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW ROYER,

    Plaintiff,

v.                                  Case No. 3:22-cv-254-CCB-SLC

VICKI BECKER,

    Defendant.

## DEFENDANT'S MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE

Defendant Vicki Becker, by counsel, pursuant to Federal Rules of Civil Procedure 6(b) and 16(b) and Local Rule 6-1, respectfully moves the Court for a thirty-day extension of the May 1, 2025, dispositive motions deadline, to and through May 31, 2025, as follows:

1. Discovery closed in this action on April 1, 2025. ECF 198 at 5.

2. The current dispositive motions deadline is May 1, 2025. *Id.*

3. Defendant Becker intends to move for summary judgment on all counts pending against her.

4. Undersigned counsel for Defendant Becker has been diligently preparing a summary judgment motion.

5. However, because of the voluminous record in this case, the complexity of the issues, and the many competing deadlines and discovery obligations, counsel has not been able to finish the dispositive motion and does not anticipate being able to due so by May 1, despite his diligence.

1

6. The voluminous record in this case makes preparing a summary judgment motion difficult. This case stretches back to the 2002 murder of Helen Sailor and the subsequent prosecution of the Plaintiff. *See generally* ECF 244. Thus, there are more than twenty years of records in this case that have been produced in discovery, including police investigations records, trail transcripts, appellate records, post-conviction relief transcripts and records, among other discovery.

7. This case also presents complex legal issues regarding an alleged conspiracy between police officers and a prosecutor to frame the plaintiff for murder. Novel questions of law and fact are presented here, like the plaintiff's "failure to intervene" count against a deputy prosecuting attorney, issues of prosecutorial and qualified immunity, and issues of res judicata.

8. And numerous competing deadlines and discovery obligations in other cases leading up to May 1, 2025, have prevented and will prevent undersigned counsel from completing the summary judgment brief in this case by May 1, including:

A. *Glenn v. City of Hammond*, N.D. Ind. 2:18-cv-00150-TLS-JEM

- Discovery deadline May 1, 2025.

- Plaintiff's counsel in *Glenn*—the same plaintiff's counsel here, Elliot Slosar—noticed many depositions to meet the discovery deadline in that case, including the following witnesses who were deposed or will be deposed in April 2025 that undersigned counsel covered or will cover:

    o Defendant Dana Marino f/k/a Peterson on April 14, 2025. Undersigned represents Ms. Marino in the litigation, and her deposition required extension preparations before April 14 in addition to a full day commitment in Columbus, Indiana.

2

> Like in this action, the record in *Glenn* is voluminous, reaching back to the 1980's, quiring many attorney hours to prepare for defending the defendant's deposition.

- o  Plaintiff Roosevelt Glenn on April 15, 2025. (This one was noticed by co-defendants, not plaintiff's counsel.)

- o  Nonparty Earl Ryan on **April 28, 2025** at 9:00 a.m.

- o  Nonparty Vincent Ryan on **April 28, 2025** at 1:30 p.m.

- o  Nonparty Reggie West on **April 29, 2025** at 9:00 a.m.

- o  Nonparty Karen Freeman Wilson on **April 30, 2025** at 11:00 a.m.

- o  Nonparty William Drozda on April 30, 2025 at 2:00 p.m. (However, Mr. Slosar proposed postponing this deposition by email April 22, 2025, at 2:40 p.m., pending an anticipated court order, so this one might be postponed.)

B.  *Miami Conditions Cases*

- This series of cases arising from cell conditions at the Miami Correctional Facility is currently pending before the Northern District of Indiana.

- Magistrate Judge Scott Frankel scheduled many of these cases for settlement conferences in March and April 2025. These settlement conferences require counsel to spend substantial time preparing the cases for conference: evaluating the settlement value of the case, recommending and obtaining settlement authority, and briefing the judge regarding the client's settlement position.

- Undersigned counsel was or will be primarily responsible for settlement conferences in four of these cases:

    - o  *Parish v. Hyatte*, N.D. Ind. 3:21-cv-475-CCB-SJF – March 13, 2025, settlement conference.

    - o  *O'Neal v. Hyatte*, 3:21-cv-00560-CCB-SJF – April 8, 2025, settlement conference.

3

- o *Blanchard v. Hyatte*, 3:21-cv-00160-CCB-SJF – April 8, 2025, settlement conference, continued to May 8, 2025, after incident during the conference.

- o *Lyons v. Hyatte*, 3:21-cv-477-CCB-SJF – **April 24, 2025**, settlement conference.

C. *Fiscel-Shively v. Logansport State Hospital*, N.D. Ind. 3:24-cv-00341-DRL-SJF

- Undersigned counsel represents the defendant state agency employer in this Title VII case.

- Discovery deadline April 28, 2025.

- In order the meet the discovery deadline, undersigned counsel has noticed the following depositions:

    - o Plaintiff Jennifer Fiscel-Shively on **April 25, 2025**, at 9:30 a.m.

    - o Nonparty Mark Michael on **April 25, 2025**, at 2:00 p.m.

- In addition to the preparations for these depositions, counsel had had to expend substantial hours during March and April 2025 reviewing tens of thousands of pages of ESI data for responsiveness and privilege in response to the plaintiff's discovery requests. Defense counsel has prepared initial and supplemental productions in this case on March 26 and April 17, 2025, and continues to review data for a forthcoming supplemental document production before the discovery deadline.

D. *DHS Group Home Cases*

- Undersigned counsel represents the Indiana Department of Homeland Security and the Fire Prevention and Building Safety Commission in this series of cases pending in the Southern District of Indiana, wherein the plaintiffs allege discriminatory application of the State's building safety laws on plaintiff recovery homes. Those cases are:

    - o *Place of Grace v. State*, S.D. Ind. 1:24-cv-01272-TWP-MKK

    - o *Harmony Home v. State*, S.D. Ind. 1:24-cv-01228-TWP-MKK

4

- - *Next Step Recovery Home v. State*, S.D. Ind. 1:24-cv-00353-TWP-MKK

  - *Behind the Wire Ministries v. State*, S.D. Ind. 1:24-cv-00143-TWP-MKK

  - *Inspiration Ministries v. State*, S.D. Ind. 1:23-cv-02027-TWP-MKK

- Plaintiffs' counsel in these cases is deposing the defendants as follows:

  - Rule 30(b)(6) deposition of Defendant IDHS on **April 23, 2025**, at 9:00 a.m.

  - Rule 30(b)(6) deposition of Defendant FPBSC on **April 23, 2025**, at 1:00 p.m.

- These depositions of counsel's clients have required substantial preparation work to defend.

E. *Cordellioné v. Commissioner, IDOC*, S.D. Ind. 3:23-cv-00135-RLY-CSW

- Undersigned represents the Department of Correction in this constitutional challenge to a state law prohibiting the DOC from providing sexual reassignment surgeries for prisoners.

- As part of expert discovery in this case, counsel has had to meet with multiple experts during March and April 2025 and assist in preparing expert testimony.

F. *Royer v. Becker*, N.D. Ind. 3:22-cv-254-CCB-SLC

- In this action, the Plaintiff filed an amended complaint on April 18, 2025, after he settled with the county defendants. ECF 244. Pursuant to Federal Rule Civil Procedure 15(a), Defendant Becker's deadline to respond to the amended complaint is **May 2, 2025**. Fed. R. Civ. Pro. 15(a)(3).

- Although the allegations in the amended complaint should remain the same as in the pervious operative complaint, it will still take defense counsel not insignificant time to prepare an answer to the

      latest 49-page, 295-paragraph complaint—which answer is due only a day after the current dispositive motions deadline.

  9.  The district court has discretion to modify scheduling orders. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Under Federal Rule of Civil Procedure 16(b), the court may modify a scheduling order upon a showing of good cause and with the court's consent. *Id.*; *see also* Fed. R. Civ. Pro. 16(b)(4). Likewise under Rule 6(b), the court may extend a deadline for good cause upon a motion made before the expiration of the deadline. Fed. R. Civ. Pro. 6(b)(1)(A).

  10.  The good cause standard primarily focuses on the diligence of the party seeking amendment. *Alioto*, 651 F.3d at 720. "Good cause exists when a movant shows that 'despite his diligence the time table could not have reasonably been met.'" *Nickels and Dimes Inc. v. Noah's Arcade, LLC*, 2025 WL 601229, *3 (N.D. Ind. Feb. 24, 2025) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

  11.  Good cause exists here because, despite the diligence of defense counsel in preparing the summary judgment motion by May 1, the voluminous record, complexity of the issues, and many competing deadlines and discovery obligations have made it nearly impossible to meet the May 1 dispositive motions deadline in this case.

  12.  The Plaintiff will not be prejudiced by a modest extension of the dispositive motions deadline. There is no trial date set in this case, and no other court deadlines will need to be extended if the court grants this motion.

13. Further, the Plaintiff's counsel reports that the Plaintiff has settled with the former city defendants for $11.7 million, https://www.loevy.com/big-wins/andy-royer-settlement/, and the Plaintiff recently reached a settlement agreement with the former county defendants, ECF 242.

14. On April 21, 2025, at 5:13 p.m., defense counsel emailed Plaintiff's counsel for Plaintiff's position on this motion. Approximately seven minutes later at 5:21 p.m., Plaintiff's counsel responded and objected to this motion, indicating that no explanation had been provided and that the current deadline had been in place for months. Defense counsel then responded at 5:33 with an explanation for why the motion is necessary (competing deadlines, the volume of discovery in this case, and complexity of the legal issues). Plaintiff's counsel did not respond to that email. Exhibit 1: Email Correspondence.

WHEREFORE, Defendant Becker, by counsel, respectfully moves the Court to extend the dispositive motions deadline to May 31, 2025, and for all other just and proper relief.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Atty. No. 20-10517

Date: April 22, 2025      By:   Alexander R. Carlisle
Deputy Attorney General
Atty. No. 34533-49
Indiana Gov't Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-6667
Email: Alexander.Carlisle@atg.in.gov